UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMAS FISHER,

       Petitioner,

v.                          CASE NO. 5:11-CV-14411
                            HONORABLE JOHN CORBETT O'MEARA

J.S. WALTON,

       Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      This is a habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner John Thomas Fisher, currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition with this court seeking relief from his federal criminal sentence. Because Petitioner is challenging his sentence, the Court finds that he has improperly brought this action under § 2241 and his petition must be dismissed.

**I. Facts and Procedural History**

      Petitioner was convicted of possession of firearms and ammunition after former conviction of a felony in violation of 18 U.S.C. § 922(g)(1); possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possession of LSD in violation of 21 U.S.C. § 844(a); and possession of marijuana in violation of 21 U.S.C. § 844(a) following a jury trial in the Northern District of Oklahoma. He was sentenced as a career offender under 21 U.S.C. § 851(a)(1) to 330 months imprisonment, six years of supervised release, and a $5,000 fine.

The United States Court of Appeals for the Tenth Circuit affirmed Petitioner's convictions and sentence. *United States v. Fisher*, 33 F. App'x 933 (10th Cir. 2002). Petitioner sought a petition for writ of certiorari with the United States Supreme Court, which was denied. *Fisher v. United States*, 537 U.S. 847 (2002). Petitioner subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Oklahoma challenging his convictions, which was denied. *Fisher v. United States*, Nos. 00-CR-033-TCK, 03-CV-687-TCK-SAJ, 2008 WL 4899287 (N.D. Okla. Nov. 12, 2008). Petitioner apparently did not appeal that decision.

In his current pleadings, Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2241 due to an intervening change in the law, *Chambers v. United States*, 555 U.S. 122 (2009) (ruling that the failure to report is not a violent felony under the Armed Career Criminal Act), and his "actual innocence" of his sentencing enhancement. He also asserts that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

## II. Legal Analysis

Petitioner brings this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal prisoner's claims that his conviction and sentence were imposed in violation of the federal constitution or federal law. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *See Charles v.*

*Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id*. at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756.

Petitioner asserts that § 2255 is inadequate or ineffective because he relies upon an intervening change in statutory interpretation under *Chambers*, he filed an unsuccessful § 2255 motion with the trial court before *Chambers* was decided, and § 2255 only allows a defendant to bring a second or successive motion based upon new facts or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. This argument is unavailing. Section 2255 allows a defendant to seek relief based upon a change in the law and allows a defendant to bring a second or successive motion under limited circumstances. The fact that Petitioner may not be able to satisfy the procedural requirements for doing so does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use

3

of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758. Petitioner has not shown that his remedy under § 2255 is inadequate or ineffective. *See, e.g., Jones v. Castillo*, No. 10–2570–STA–dkv, 2011 WL 2882204, *5-7 (W.D. Tenn. July 15, 2011) (dismissing § 2241 petition seeking sentencing relief under *Chambers* and related cases); *Walker v. Hogsten*, No. 10–276–ART, 2011 WL 2149098, *2 (E.D. Ky. May 31, 2011) (same); *Stuckey v. Rios*; No. 1:11–cv–00452–SKO–HC, 2011 WL 1344536, *2-4 (E.D. Cal. April 8, 2011) (same); *Rith v. Rios*, No. 1:10-CV01035 GSA HC, 2010 WL 2546052, *2-4 (E.D. Cal. June 23, 2010) (same); *McKelvey v. Rivera*, No. 4:10-422-HFF-TER, 2010 WL 2985965, *3-4 (D.S.C. June 18, 2010) (magistrate judge's report); *Osborne v. Ebbert*, No. 3:CV-10-2079, 2010 WL 5111430, *2-3 (M.D. Pa. Dec. 9, 2010) (dismissing § 2241 petition and noting that sentencing claims are uniquely within the purview of the sentencing judge); *see also McNeal v. Martin*, 424 F. App'x 322, 323 (5th Cir. 2011); *but see Zollicoffer v. Rios*, No. 10-cv-1238, 2010 WL 3211061 (C.D. Ill. Aug. 12, 2010) (allowing § 2241 case to proceed).

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when a petitioner states a facially valid claim for actual innocence. *See Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 894. "Actual innocence"

means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Petitioner has made no such showing. Moreover, his claim that he is "actually innocent" of his sentencing enhancement is insufficient to allow him to proceed under § 2241. Courts have not extended the actual innocence exception to petitioners challenging only their sentence. *See Peterman*, 249 F.3d at 462; *Jones*, 2011 WL 2882204 at *7; *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, *2 (N.D. Ohio July 20, 2010); *Ross v. Zuercher*, No. 09-CV-152-ART, 2010 WL 568528, *2 (E.D. Ky. Feb. 12, 2010) (dismissing § 2241 petition raising similar sentencing challenge); *accord Sorrell v. Bledsoe*, No. 10-1649, 2011 WL 2728287, *2 (3rd Cir. July 14, 2011) (dismissing § 2241 petition seeking sentencing relief under *Chambers*); *Gilbert v. United States*, _ F.3d _, 2011 WL 1885674, *25 (11th Cir. 2011) (per curiam); *McNeal*, 424 F. App'x at 323; *Collins v. Ledezma*, 400 F. App'x 375, 376 (10th Cir. 2010); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008).

Because Petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal sentence under 28 U.S.C. § 2241. Moreover, the Court cannot sua sponte construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 (and transfer the case to the appropriate federal court). *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Accordingly, the Court will dismiss the petition.

### III. Conclusion

Based upon the foregoing analysis, the Court concludes that Petitioner is challenging the validity of his federal criminal sentence in this action and he has not established that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus. This dismissal is without prejudice to any relief that Petitioner

may seek in the United States District Court for the Northern District of Oklahoma or the United States Court of Appeals for the Tenth Circuit.

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

                                          s/JOHN CORBETT O'MEARA
                                          UNITED STATES DISTRICT JUDGE

Date: October 28, 2011